IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALICE WIDDOWS, as Administrator of the Estate of Kevin F. Widdows,<br><br>      Plaintiff,<br><br>v.<br><br>JACKSON COUNTY, et al.,<br><br>      Defendants. | Case No. 22-CV-200–NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      Plaintiff, Alice Widdows, as administrator of the estate of her son, Kevin F. Widdows, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 and Illinois state law alleging failure to protect, wrongful death, and Monell claims against Jackson County and several of its employees following Kevin's death while in custody at the Jackson County jail.

      Defendant Connie Falkenburry now seeks to dismiss Count III of the Complaint. (Doc. 27). In her motion to dismiss, Falkenburry notes that "[c]ount III claims to state a state law claim for wrongful death and a state law claim for wrongful death against a medical provider is governed by the provisions of the Illinois statutes on Healing Art Malpractice, 735 ILCS 5/2-622." (Doc. 27, p. 2). Falkenburry points out that "[t]he Illinois Healing Art Malpractice Act provides that any claim for damages or injuries or death by reason of medical, hospital, or healing art malpractice shall be accompanied by an affidavit indicating that the affiant has reviewed the facts of the case with a health professional who the affiant believes to be knowledgeable in the particular area." (*Id*.). Falkenburry also asserts that "[t]he complaint shall also contain a report from the health professional indicating the opinion of

the health professional that a reasonable and meritorious cause of action exists against the medical provider." (*Id.*) (citing 735 ILCS 5/2-622(a)(1)). According to Falkenburry, "the failure to attach the affidavit and report in this case makes the claim against defendant, Nurse Falkenburry, under Count III insufficient, the same should be dismissed." (*Id.*).

The Court disagrees. In *Young v. United States*, 942 F.3d 349, 350-51 (7th Cir. 2019), the Seventh Circuit acknowledged that dismissal to provide the documentation described in 735 ILCS § 5/2-622 should occur on summary judgment. *See id*. (noting that "a prisoner may have insuperable difficulty obtaining a favorable physician's report before filing a complaint, so if a complaint not accompanied by a § 5/2-622 affidavit is defective, many a prisoner will be unable to litigate a malpractice claim. But if a prisoner or other *pro se* plaintiff has until the summary judgment stage to comply with the state law, information obtained in discovery may allow a physician to evaluate the medical records and decide whether there is reasonable cause for liability").

While Widdows is represented by an attorney, *Young* is binding. Indeed, the Seventh Circuit further acknowledged:

> Section 5/2-622(a) requires the affidavit and report to be attached to the complaint unless an exception applies, and the litigants in *Hahn* assumed that this is when the documents must be filed. Because timing was not contested in *Hahn*—the debate concerned whether the affidavit and report were required at all—our decision did not produce a holding on that topic. And having given the matter some thought, we now conclude that a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622.
>
> . . .
>
> Rule 8 of the Federal Rules of Civil Procedure specifies what a complaint must contain. It does not require attachments. One can initiate a contract case in federal court without attaching the contract, an insurance case without attaching the policy, a securities case without attaching the registration

> statement, and a tort case without attaching an expert's report. Supporting documents come later. Section 5/2-622 applies in federal court to the extent that it is a rule of *substance*; but to the extent that it is a rule of *procedure* it gives way to Rule 8 and other doctrines that determine how litigation proceeds in a federal tribunal.
>
> Section 5/2-622 itself allows delay in filing the affidavit and report when, for example, the time to obtain a report would prevent suing within the statute of limitations (§ 5/2-622(a)(2)) or records needed for evaluation are unavailable (§ 5/2-622(a)(3)). At least the second of these exceptions likely applies to Young's suit. But these exceptions are accompanied by language that excuses the defendant from answering the complaint until the affidavit and report have been filed. Just as Rule 8 specifies what must be in a complaint, so FED. R. CIV. P. 12(a)(1) tells us when the answer is due. A defendant in federal court may ask a district court for an extension but cannot rely on state law as canceling or deferring the need to answer a complaint.

*Id.* at 351; *see also Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020, 1025 (7th Cir. 2021) ("We have instructed district courts not to dismiss a complaint at the pleading stage for failing to attach a 5/2-622 affidavit").

For these reasons, Defendant Connie Falkenburry's Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. 27) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED:  January 27, 2023**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**