IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALICE WIDDOWS, as Administrator of the Estate of Kevin F. Widdows ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 3:22-cv-00200-NJR |
| JACKSON COUNTY, et al., ) ) ) | |
| Defendants. ) | |

**CONNIE FALKENBURRY R.N.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RE-OPEN CASE**

Connie Falkenburry, R.N. ("Nurse Falkenburry"), by and through her undersigned counsel, and pursuant to this Court's Order entered on September 27, 2024 (Doc. 71), hereby submits her Response in Opposition to Plaintiff's Motion to Re-Open Case.

**INTRODUCTION**

Plaintiff filed an Amended Complaint on April 28, 2022, asserting two counts against Nurse Falkenburry: 1) failure to protect in violation of the 14th Amendment under 42 U.S.C. § 1983, and 2) state law wrongful death. (Doc. 15, p. 10, 12.) Nurse Falkenburry filed a Motion for Summary Judgment and Memorandum of Law in Support on October 2, 2023. (Doc 52.) On April 4, 2024, the Court ordered Plaintiff to show cause for failure to respond to Defendants' Motions for Summary Judgment, and provided a final deadline of April 12, 2024 to file a response. (Doc 67.) Plaintiff did not respond. The Court granted both Motions for Summary Judgment on August 2, 2024 and ordered the case dismissed with prejudice. (Doc. 68, p. 30.) Fifty-four (54) days after the Court's Order dismissing the case against Nurse Falkenburry with prejudice, Plaintiff wrote a letter requesting that the Court reopen the case ("Plaintiff's Motion"). (Doc. 70.)

1

For the reasons set forth below, Plaintiff's Motion is insufficient to reopen the case under Rule 60(b), and the Court should deny the request.

## ARGUMENT

### I. Standard under Rule 60(b).

Relief under Federal Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *Keolling v. Livesay*, 239 F.R.D. 517, 520 (S.D. Ill. 2006) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)).[1] The burden to establish the exceptional circumstances that are required for relief under Rule 60(b) rests on the movant. *In re Sindesmos Hellinikes-Kinotitos of Chicago,* 607 B.R. at 907-08. A Rule 60(b) motion can be based on any one of six enumerated circumstances: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"Rule 60(b) motions 'must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)—they cannot be general pleas for relief.'" *York v. United States*, 55 F. Supp. 3d 1028, 1030 (N.D. Ill. 2014) (quoting *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)). "Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the

---

[1] Plaintiff's Motion provides no indication of what Federal Rule she requests this Court reopen this case under. Federal Rule 59(e) requires that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiff filed her Motion after the 28-day time period had run, and therefore, Nurse Falkenburry is interpreting her Motion under Federal Rule 60(b).

catchall clause [in Rule 60(b)(6)] are mutually exclusive. Thus, if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available." *York,* 55 F. Supp. 3d at 1030–31 (quoting *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989)). While Plaintiff's Motion does not indicate which subsection of Rule 60(b) she is seeking relief under, subsections (2), (3), (4), and (5) clearly do not apply. Nurse Falkenburry is interpreting Plaintiff's Motion under Rule 60(b)(1) and 60(b)(6).

### II. Plaintiff Has Not Shown Excusable Neglect Under Rule 60(b)(1).

Rule 60(b)(1) permits relief from judgment for "excusable neglect." Fed. R. Civ. P. 60(b)(1). "In general, a request under Rule 60 to vacate a judgment or order based on an attorney's mismanagement of a case is treated as being brought under Rule 60(b)(1)." *Koelling,* 239 F.R.D. at 521. For example, in a 2019 case, *Hendricks v. Lauber*, the court held that a Plaintiff was bound by his attorney's actions and denied the Motion for relief under Rule 60(b)(1), after his attorney failed to respond to the Defendants' Motion for Summary Judgment. *See Hendricks v. Lauber*, No. 16 C 627, 2019 WL 194376, at *3 (N.D. Ill. January 15, 2019). In that case, "Defendants filed their Motion for Summary Judgment on November 21, 2017," and the Plaintiff's response was due December 19, 2017, which came and went without any filing or word from the Plaintiff's counsel. *Id.* at *1. The Court gave the Plaintiff's counsel multiple extensions to file a response, and Plaintiff's counsel failed to file a response by the final deadline. *Id.* at *1. Finally, the Court granted summary judgment in favor of the Defendants on all counts. *Id.* at *2. Several weeks after the Court's ruling, the Plaintiff filed a Motion under Federal Rule 60 informing the court that Plaintiff's attorney's busy schedule and other obligations were the reason the Plaintiff failed to file a response and attached a Response to the Motion for Summary Judgement. *Id.* at *2. However, the Court found "it is well-settled that 'attorney inattentiveness to litigation is not excusable, no

3

matter what the resulting consequences the attorney's somnolent behavior may have on a litigant and regardless of the attorney's degree of culpability.'" *Id.* at *3 (citing *Longs v. City of S. Bend*, 201 F. App'x 361, 364 (7th Cir. 2006) (where the 7th Circuit upheld a trial court's denial of a Rule 60(b)(1) motion after the attorney failed to file a timely summary judgment response and that resulted in an adverse summary judgment ruling); *see also Easley v. Kirmsee,* 382 F.3d 693, 698 (7th Cir. 2004) (holding the same)). Further, where a party offers no explanation for the attorney's neglect, the court should not find the neglect excusable. *Longs,* 201 F. App'x at 365.

Similar to the *Koelling* case, the majority of Plaintiff's Motion relates to the conduct and interactions she had with her attorney, Mr. Ballard. (Doc. 70, p. 1.) Courts have construed similar motions under Rule 60(b)(1). *See Koelling,* 239 F.R.D. at 521 (where the court explains that a request to vacate a judgment based on an attorney's mismanagement of a case is treated as brought under Rule 60(b)(1)).

Plaintiff and her attorney failed to respond to Nurse Falkenburry's Motion for Summary Judgment which was initially filed on October 2, 2023. (Doc 52.) As this Court noted in its August 2024 Memorandum and Order, since October 2023, "Plaintiff and her attorney have gone radio silent. Plaintiff has neither filed responses to Defendants' pending motions, nor has she communicated with the Court in any way." (Doc. 68, p. 2.) The Court ordered Plaintiff and her attorney "to show cause as to her lack of engagement and even offered her an opportunity to submit responses to the pending motions for summary judgment several months after they were due." (Doc. 68, p. 2.) Plaintiff and her attorney made no such showing, nor did they file a response to the motions for summary judgment. This is similar to the *Hendricks* case, where the Court provided multiple extensions for the Plaintiff to respond to the Defendant's summary judgment motions

4

before ruling, and the Plaintiff failed to do so. *See Hendricks*, No. 16 C 627, 2019 WL 194376, at *1.

Similar again to the *Hendricks* case, Plaintiff's Motion came several weeks after the Court issued its ruling. Plaintiff's Motion alleges, in relevant part, that Mr. Ballard's office informed her she did not need to appear at any of the hearings or appearances, then that his office was closing and her case would be transferred, and then that her son informed her the case was dismissed and that Mr. Ballard had not been responding to the notices to appear. (Doc. 70, p. 1.) Even assuming the truth of Plaintiff's assertions, Plaintiff's Motion makes no offer of an explanation for her attorney's neglect, and thus, the court has no reason to consider the neglect excusable. *Longs,* 201 F. App'x at 365. Notably, "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant and regardless of the attorney's degree of culpability." *See Hendricks,* No. 16 C 627, 2019 WL 194376, at *3; *Longs,* 201 F. App'x at 364; *Easley,* F.3d at 698; *Moore v. Cingular Wireless Corp.*, 207 F. App'x 717, 719 (7th Cir. 2006). Plaintiff and her counsel had months to respond to Nurse Falkenburry's Motion for Summary Judgment and failed to do so. The Court even prompted them to respond months after the deadline, and this still did not evoke a response or explanation from Plaintiff or her counsel. (Doc. 67.) Thus, the failure to file a response to Nurse Falkenburry's Motion for Summary Judgment does not constitute excusable neglect under Illinois law, and Plaintiff is bound by the acts of her attorney. *See Hendricks,* No. 16 C 627, 2019 WL 194376, at *3. Plaintiff's Motion to Reopen the case under Rule 60(b)(1) should be denied.

### III. Even If Rule 60(b)(6) Applies, Plaintiff Has Not Shown Extraordinary Circumstances.

Plaintiff's Motion to Reopen the case should not be evaluated under Rule 60(b)(6) because "[i]nherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall

clause [in Rule 60(b)(6)] are mutually exclusive. Thus, if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available." *York,* 55 F. Supp. 3d at 1030–31 (quoting *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989)); *Sobczak-Slomczewski,* No. 17-CV-1565, 2017 WL 6026673, at *4 (N.D. Ill. Dec. 5, 2017); *In re Sindesmos Hellinikes-Kinotitos of Chicago,* 607 B.R. 898, 908 (Bankr. N.D. Ill. 2019) ("Rule 60(b)(6), on the other hand, the so-called 'catchall provision,' may not be invoked as grounds for relief for an argument that fits within the other sections of Rule 60); *Indus. Assocs.*, 787 F.2d at 269; *see also Met-L-Wood*, 861 F.2d at 1018 (noting that Rule 60(b)(6) expressly refers to 'any other reason that justifies relief') (emphasis in original); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (Rule 60(b)(6) motion may not be 'premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)'); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (same)"). Plaintiff's Motion to Reopen the case is based on assertions about her attorney's conduct. (Doc. 70, p. 1.) Plaintiff's Motion was also brought within one year of the entry of judgement which is required by Rule 60(c)(1) for motions brought under Rule 60(b)(1)-(3). *See* Fed. R. Civ. P. 60. Thus, the asserted grounds for relief in Plaintiff's Motion fall under the terms of Rule 60(b)(1), and should not be evaluated under 60(b)(6) as those two sections are mutually exclusive.

Even if the Court construes Plaintiff's Motion as seeking relief under Rule 60(b)(6), relief under Rule 60(b)(6) is still "an extraordinary remedy and is granted only in exceptional circumstances." *Keolling,* 239 F.R.D. at 520 (citing *Harrington*, 433 F.3d at 546); *Hendricks*, No. 16 C 627, 2019 WL 194376, at *4 ("Though seemingly broad, the standard for relief under this catch-all provision is more demanding than under any other. *See Longs*, 201 F. App'x at 364; *see also Willis*, 671 Fed. App'x at 376 ('In a rule already limited in application to extraordinary

6

circumstances, proper resort to this 'catch all' provision is even more highly circumscribed.')") Further, the burden to establish the exceptional circumstances that are required for relief under Rule 60(b) rests on the movant. *In re Sindesmos Hellinikes-Kinotitos of Chicago,* 607 B.R. at 907-08.

Plaintiff's Motion offers no exceptional circumstances for why the Rule 60(b)(6) extraordinary remedy should apply. In fact, Plaintiff's Motion doesn't provide any explanation for the failure to file a response to Nurse Falkenburry's Motion for Summary Judgment. (Doc. 70, p. 1.) Plaintiff merely states that she was told she did not need to appear after she received notices to appear from State of Illinois, Circuit Court of Judicial Court, Jackson County. (Doc. 70, p. 1.) Plaintiff next alleges that on July 22, 2024, she was informed by her attorney's receptionist that he was closing his office and transferring her case to another law firm. (Doc. 70, p. 1.) This is more than three months after the Court ordered Plaintiff and her attorney to show cause for failure to file a response to Defendants' Motions for Summary Judgment which was months late at that point. (Doc 67.) Even if the transfer of the case to another attorney's office resulted in a delay in responding, Plaintiff has offered no explanation for the lapse of time from when her response to the Motions for Summary Judgment was due and when she ultimately called the attorney's office on July 22, 2024. (Doc. 70, p. 1.) Further, neither Plaintiff nor her attorney made any attempt to contact the court in those months, as this Court noted in its August 2024 Memorandum and Order, since October 2023, "Plaintiff and her attorney have gone radio silent. Plaintiff has neither filed responses to Defendants' pending motions, nor has she communicated with the Court in any way." (Doc. 68, p. 2.) Plaintiff has failed to demonstrate why the extraordinary relief under Rule 60(b)(6) is appropriate here. Moreover, the 7th Circuit in *Longs v. City of S. Bend* explained that "Rule 60(b)(6) is unavailable when attorney negligence or other attorney misconduct is at issue." *Longs,*

201 F. App'x at 364 (citing *Easley*, 382 F.3d at 699 n. 5 (missed deadline); *Pantoja v. Texas Gas & Transmission Corp.,* 890 F.2d 955, 960 (7th Cir.1989) (conflict of interest). *See also Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir.1996)).

What is more, Plaintiff's counsel did not serve discovery requests in this case or take depositions. In her Motion for Summary Judgment, Nurse Falkenburry submitted a Declaration to support her argument. In granting summary judgment on Plaintiff's Fourteenth Amendment claim, the Court focused on the third element – whether Nurse Falkenburry acted reasonably under the circumstances. (Doc. 68, p. 11-12.) As to the second claim against Nurse Falkenburry for wrongful death, the Court agreed that Plaintiff's allegation "appears to fit comfortably within the scope of section 2-622" and it could not survive summary judgment because Plaintiff did not submit an affidavit of merit and a health professional's report required by section 2-622. (Doc. 68, pgs. 19-20.) Thus, even if the Court did reopen the case, Plaintiff would be unable to materially dispute Nurse Falkenburry's factual assertions with the discovery conducted to-date. Essentially then, what Plaintiff is requesting is for the Court to re-litigate her entire case, a request that should be denied under the circumstances.

For the reasons explained above, relief under Rule 60(b)(6) is inappropriate.

## **CONCLUSION**

For the foregoing reasons, Nurse Falkenburry respectfully requests that the Court deny Plaintiff's Motion to Reopen the Case under Federal Rule 60(b) and uphold the Order granting summary judgment and dismissing Plaintiff's claims against Nurse Falkenburry with prejudice.

Respectfully submitted,

UB GREENSFELDER LLP

By:   /s/ Caitlin M. Meyers
   Edward S. Bott, Jr., #3126866
   Caitlin M. Meyers, #6322806
   10 South Broadway, Suite 2000
   St. Louis, Missouri 63102
   EBott@UBGLaw.com
   CMeyers@UBGLaw.com
   (314) 241-9090
   (314) 241-8624 (Facsimile)

*Attorneys for Defendant Connie Falkenburry*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 11th day of October, 2024, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record and via US mail to the following:

Alice Faye Widdows
3490 Skyline Dr
Alto Pass, IL 62905

          /s/ Caitlin M. Meyers