IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALICE WIDDOWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:22-cv-00200-NJR |
| JACKSON COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S AMENDED RULE 60 MOTION TO SET ASIDE JUDGMENT**

Alice Widdows, by and through counsel at Dentons US LLP. hereby moves this Court to set aside its judgment of August 2, 2024, which granted summary judgment to Defendants and dismissed this case with prejudice. (ECF #68) Plaintiff further requests 30 days to file a memorandum in support of this motion.

**PROCEDURAL BACKGROUND**

1. On February 1, 2022 Plaintiff Alice Widdows filed a complaint following the tragic death of her son Kevin Widdows, who was found hanging in his cell four days after he was incarcerated at Jackson County jail. On April 28, 2022, Plaintiff filed an amended complaint.

2. At the outset of the case, Plaintiff was represented by William Bryan Ballard Jr. ("Ballard").

3. According to the Illinois Attorney Registration and Disciplinary Commission website, Ballard is not currently authorized to practice law and has not been registered as an attorney since 2023.

4. In October 2023, Defendants filed motions for summary judgment. (ECF #52 and #53). Plaintiff did not respond to the summary judgment motions.

5. On April 4, 2024, this Court issued a rule to show cause to Ballard, stating: "The Court hereby ORDERS *Attorney William Ballard* to SHOW CAUSE, on or before April 12, 2024, why the Court should not (i) construe his failure to timely respond to the pending motions for summary judgment as an admission of the merits of the motions and (ii) grant summary judgment for Defendants." (Text Order April 4, 2024) (italics added).

6. Ballard did not respond to the Court's order. On August 2, 2024, the Court granted Defendants' motions for summary judgment and dismissed the case with prejudice. (ECF #68).

7. On September 25, 2024 Plaintiff Alice Widdows filed a *pro-se* motion to reopen the case, stating that she had learned the case was dismissed on September 4, 2024. The Court granted Plaintiff's motion and Defendants filed responses in opposition to the motion on October 11, 2024. (ECF #72 and #73).

8. On December 2, 2024 Plaintiff filed another *pro-se* motion requesting 60 days to obtain counsel and file a Rule 60(b) motion, alleging that she had learned that Ballard had been practicing law without a license in Jackson County, and that Ballard had "defrauded me as his client, as well as the state and federal court." (ECF #64).

9. This Court granted Plaintiff's motion, allowing her until January 30, 2025 to obtain counsel, file an appearance, and file an amended Rule 60 motion.

## LEGAL BASIS TO SET ASIDE JUDGMENT

10. The Court's judgment of August 2, 2024 should be vacated or set aside pursuant to Federal Rule of Civil Procedure 60(d)(3) and the court's inherent authority to "set aside a

judgment for fraud on the court" because at the time this Court issued its rule to show cause on April 4, 2024, Ballard was not an attorney. *See* Fed. R. Civ. Pro. 60(d)(3) (providing that nothing in Rule 60 limits court's ability to set aside judgment for fraud upon court) and *Coulson v. Coulson*, 448 N.E.2d 809, 811 (Ohio 1983) (treating lawyer's misrepresentation to court as fraud upon court for purposes of Rule 60(d)(3)).

11. Defendants' arguments in opposition to Plaintiff's motion to set aside the judgment are based on the premise that Plaintiff was represented by an attorney at the time the Rule to Show cause was issued, and Plaintiff should therefore be "bound by the attorney's actions." (ECF #73 at p. 10).

12. Plaintiff cannot be bound by her attorney's actions in 2024 because unbeknownst to her or this Court, Ballard was not an licensed attorney in the State of Illinois at any point during 2024.

13. Because Ballard was not an attorney, Plaintiff did not receive notice of the rule to show cause (which the Court's order states was directed toward Ballard by name) either personally or through an agent. The jurisprudence that binds a party to their attorney's actions relies on the concept of notice: in "our system of representative litigation…each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *See e.g. Inryco, Inc. v. Metropolitan Engineering Co.*, 708 F.2d 1225, 1233-1234 (7th Cir 1983) *citing Smith v. Ayer*, 101 U.S. 320, 326 (1879). Here, Plaintiff cannot be charged with notice to her lawyer-agent because she did not have one at the operative time.

14. Ballard's failure to notify the court that he was no longer authorized to practice law was a fraud on this Court. As the Seventh Circuit has held, fraud under Rule 60(d)(3) is that

"directed to the judicial machinery itself" involving "circumstances where the impartial functions of the court have been directly corrupted." *Kennedy v. Schneider Elec.*, 893 F.3d 414 (7th Cir. 2018) (internal citations omitted). By not informing the court that he was no longer authorized to practice law, Ballard appears to have violated the Illinois Rules of Professional Conduct as well as the local rules of the Southern District of Illinois. *See* SDIL-LR 83.2(2) *and* Ill. Sup. Ct. R. 8.4(c)(d). Ballard's fraud corrupted the "judicial machinery" because this Court would not have charged Ballard with notice had it known that he was not authorized to practice law at the time. *See id*. Without notice, Plaintiff was deprived of Due Process, the judgment cannot stand, and this Court should use its inherent authority to set aside the judgment.

15. Alternatively, the Court's judgment should be set aside pursuant to Rule 60(b)(6) due to the gross negligence of the Ballard, who did not conduct discovery, did not brief summary judgment, let his license lapse, and did not communicate with Plaintiff. *See e.g. Inryco, Inc. v. Metropolitan Engineering Co.*, 708 F.2d 1225, 1233-1234 (7th Cir 1983) (discussing different approaches to whether gross negligence of an attorney can be an extraordinary circumstance to justify relief under Rule 60(b)(6), and the logic underlying each). Plaintiff was diligent in her attempts to communicate with Ballard, as stated in her *pro-se* motions, and requests a further opportunity to demonstrate her diligence through a hearing or in a memorandum to be filed within 30 days.

16. The circumstances in this case justify relief because if summary judgment and dismissal in favor of Defendants is allowed to stand, Plaintiff will be denied her day in court as a result of her former attorney's fraud and gross negligence despite the serious and disturbing allegations that resulted in the preventable death of her son. Our system of

litigation relies on adversaries presenting opposing positions in a lawsuit, and the court applying rules and choosing between those positions. Here, Ballard's fraud forced this Court into the difficult role of saying that there were no facts upon which Plaintiff could prevail because Plaintiff did not have notice and an opportunity to present those facts. Necessarily the Court ignored the story laid out in the Complaint, that Mr. Widdows was delivered to the Jackson County jail from the hospital with a red card saying he was hallucinating and was suicidal and homicidal. (ECF #15 at 3).  A retired law enforcement official called the facility to reiterate that message. (*Id*. at 4). Plaintiff alleges that Defendants ignored these signs of serious mental illness and neglected to obtain Plaintiff's medications for several days, supposedly based on the judgment of professionals who assessed him without so much as a reference to the hospital records. There is evidence from which a jury could easily conclude that Nurse Falkenbury and Centerstone were simply not doing their job by accepting the decedent's answers that he was okay and leaving him untreated for days in jail after being arrested for a bizarre crime that clearly called into question his sanity and self-awareness. The reasonableness of the County Defendants' reliance on that judgment is also a question of fact, and Plaintiff should at least be allowed to argue her side of the story to the Court.

17. As the old maxim goes, "equity abhors a forfeiture." *See e.g. Jones v. Guar. & Indem. Co.*, 101 U.S. 622, 628, 25 L. Ed. 1030 (1879). This Court was defrauded because Ballard should have notified the court that he was no longer an attorney. Had he done so, the Court likely would have given Plaintiff time to find an attorney and respond to the summary judgment motions.  That course is still available to this Court, and the judgment should be set aside.

## CONCLUSION

1. For the foregoing reasons, Plaintiff moves this Court for an order setting aside the judgment of August 2, 2024, or for an order giving Plaintiff the opportunity to file a memorandum in support of this motion in 30 days,[1] and for whatever other relief this Court deems just.

/s/ Diane O'Connell
Harold Hirshman
Diane O'Connell
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Harold.hirshman@dentons.com
diane.oconnell@dentons.com

---

[1] The Jackson County defendants do not object to the Court granting Plaintiff 30 days to file a memorandum in support of this motion. Counsel for Defendant Falkenbury stated he would check with his client.